*J. B. Niles*, for the appellant.

----•◦•----

## BURGESS *v.* MATLOCK and Another.

The statute in reference to filing a transcript of a justice of the peace, is
   merely directory as to the hand of the person by whom he shall lodge the
   transcript with the clerk.
The defendant in a proceeding in garnishment, may appeal, under the general
   statute, from the judgment of a justice.

APPEAL from the *Hendricks* Court of Common Pleas. <span>*Tuesday, June 12.*</span>

HANNA, J.—The appellees caused an attachment to be
issued by a justice of the peace, in a proceeding against
one *Hopwood.* At the same time, process of garnishment
was taken out against the appellant, on the ground that
he had "the control and agency of moneys belonging to

and due said defendant" (*Hopwood*). A summons was issued against *Hopwood*, and returned not found; also the order of attachment was returned, no property found. On the same day, the defendant was called and a judgment rendered against him. *Burgess* appeared and answered; a judgment was rendered against him, ordering him to pay into Court the amount for which the judgment was so rendered against *Hopwood*. From this judgment, the record shows, *Burgess* appealed to the Common Pleas, where, on motion of the plaintiffs, the appeal was dismissed.

The reason for the dismissal is not disclosed in the record. The brief of the appellees states that the reason was that the transcript of the justice's judgment, &c., was filed by the attorney of the said *Burgess*, and not by the justice, in the clerk's office. The appellant places the action of the Court on the ground that it decided that no appeal lay in favor of the garnishee.

Neither of the reasons is sufficient. The record shows that *Burgess* appealed. The statute in reference to the duty of the justice as to filing a transcript, is merely directory as to the hand of the person by whom he shall lodge the transcript with the clerk.

We do not see any reason that should prevent a defendant in a proceeding in garnishment, from availing himself of the general statute allowing appeals from the judgment of a justice. His rights might be as much affected, and wrongfully, as if the proceeding was in the nature of an original suit directly against him.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. M. Campbell*, for the appellant.

*C. C. Nave*, for the appellees.